UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

BRENT SCHMIDT,

                Plaintiff,

     -against-

THE CITY OF NEW YORK; POLICE
LIEUTENANT JOSEPH HAYWARD; JOHN
DOES; and RICHARD ROES,

                Defendants.

-------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff BRENT SCHMIDT seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.     The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.     Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on January 31, 2012.  More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.     Plaintiff BRENT SCHMIDT was at all times relevant herein a resident of the State of South Dakota.

8.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

2

9.     Defendants POLICE LIEUTENANT JOSEPH HAYWARD and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE LIEUTENANT JOSEPH HAYWARD and JOHN DOES are sued individually and in their official capacity.

10.     Defendants POLICE LIEUTENANT JOSEPH HAYWARD and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE LIEUTENANT JOSEPH HAYWARD and

3

RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11.     On November 15, 2011, at approximately 5:00 a.m., Plaintiff was present at or around Broadway and Pine Streets (on the West side of Broadway, on the sidewalk).

12.     Plaintiff was present because he had heard that the police were evicting people associated with the Occupy Wall Street movement from Zuccotti Park, and Plaintiff wished to be present to bear witness to these events.

13.     Plaintiff was pushed roughly, without cause or justification, in the back by a JOHN DOE police officer with a police baton.

14.     Plaintiff turned and said to the officer who had pushed him, in sum and substance, "what the fuck?"

15.     Plaintiff was then, without cause or justification, grabbed by JOHN DOE officers and pushed against a fence.

16.     Defendant POLICE LIEUTENANT JOSEPH HAYWARD – and perhaps other JOHN DOE(S) police officer(s) – without cause or justification, then struck Plaintiff numerous times, including in the head, with a police baton.

17.     Plaintiff, dazed, was then handcuffed behind his back and held on the public street by Defendant POLICE LIEUTENANT JOSEPH HAYWARD and JOHN DOES police officers for approximately 45 minutes.

18.     JOHN DOES members of the NYPD removed the contents from Plaintiff's pockets, without Plaintiff's consent.

19.     After approximately 45 minutes of being held handcuffed on the public street,

4

Plaintiff was released without any charges.

20.     Plaintiff at no time had engaged in any violent or otherwise illegal activity, nor offered any physical resistance to any of the police present.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

21.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

22.     By their conduct and actions in seizing plaintiff, searching plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff, violating rights to due process of plaintiff, violating and retaliating for plaintiff's exercise of his rights to free speech and assembly, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants HAYWARD, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

23.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

24.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

25.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants HAYWARD and RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

26.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

27.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

28.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

29.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies,

practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

30.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting or reporting their misconduct. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

31.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

32.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional false arrests and related malicious prosecutions, and in unconstitutional, violent, and overly aggressive actions toward

individuals perceived as being affiliated with the Occupy Wall Street movement. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

33.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

34.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

35.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

36.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

37.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

38.     By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

39.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

40.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

41.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

42.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE

## OF RIGHTS TO FREE SPEECH AND ASSEMBLY

43.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

44.     By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and assembly rights of plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

45.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

### EIGHTH CLAIM

### TRESPASS

46.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

47.     The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

48.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

### NINTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

49.     The plaintiff incorporates by reference the allegations set forth in all previous

10

Paragraphs as if fully set forth herein.

50.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## NEGLIGENCE

52.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

53.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

55.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## CONSTITUTIONAL TORT

58.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9, and 12 of the New York State Constitution.

60.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

61.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a.  Compensatory damages;

    b.  Punitive damages;

    c.  The convening and empaneling of a jury to consider the merits of the claims herein;

    d.  Costs and interest and attorney's fees;

    e.  Such other and further relief as this court may deem appropriate and equitable.


Dated:       New York, New York
             February 11, 2013

                              JEFFREY A. ROTHMAN, Esq.
                              315 Broadway, Suite 200
                              New York, New York 10007
                              (212) 227-2980

                              Attorney for Plaintiff

13